JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-1139 JVS (MLGx) | Date | July 17, 2012 |
| Title | Federal Home Loan Mortgage Corporation v. Mirna Barrientos | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Karla J. Tunis | Not Present |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) **Order Remanding Action to the Superior Court of the State of California for the County of Orange**

Defendant Mirna Barrientos ("Barrientos") has removed this action from Superior Court of the State of California for the County of Orange. (Notice of Removal, Docket No. 1.) Barrientos asserts that this Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. §§ 1332, 1441, 1443 and 1446. (Id.)

The Court has reviewed the jurisdictional allegations and has considered other possible bases for jurisdiction in light of the facts pled in the Complaint and the Notice of Removal. The Court finds no basis for jurisdiction, and now remands the case.

I.   Discussion

Federal Question Jurisdiction

The Court must determine jurisdiction on the basis of the case removed. The underlying action is an unlawful detainer action. (Notice of Removal, Page ID 29, Docket 1-1.) No federal claims are asserted. 28 U.S.C. § 1331. Federal defenses or federal counterclaims provide no basis to remove an action which does not otherwise establish federal jurisdiction. See Franchise Tax Board of State of Cal. v. Construction Laborers Vacation Trust, 643 U.S. 1, 10 (1983); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir. 1998). There is no basis for federal question jurisdiction.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-1139 JVS (MLGx) | Date | July 17, 2012 |
| Title | Federal Home Loan Mortgage Corporation v. Mirna Barrientos | | |

Diversity Jurisdiction

Barrientos lives in Placentia, California, and is a California resident. (Notice of Removal, 19:18-20, Docket No. 1.) As a California resident, Barrientos is unable to remove this case to federal court pursuant to 28 U.S.C. section 1441(2). See 28 U.S.C. § 1441(2) (stating that a civil action removable solely on the basis of diversity jurisdiction cannot be removed if the defendant is a citizen of the State in which such action is brought). Furthermore, it is apparent that the amount of relief sought is less than the jurisdictional minimum of $75,000. (Notice of Removal, Page ID 29, Docket No. 1-1.) The face of the Complaint states that the amount of claimed damages is less than $10,000. (Id.) There is no basis for diversity jurisdiction.

Jurisdiction Pursuant to 28 U.S.C. § 1443

Section 1443(1) permits a defendant in state cases to remove the proceedings to the federal district courts when a defendant is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens in the United States. In order to successfully remove, the defendant must satisfy a two-prong test: 1) the rights allegedly denied must arise under a federal law providing for specific civil rights stated in terms of racial equality; and 2) the defendant must be denied or unable to enforce the rights in state courts. Johnson v. Mississippi, 421 U.S. 213, 219 (1975); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 827-28 (1966); Georgia v. Rachel, 384 U.S. 780, 792 (1966).

Under the first prong, constitutional or statutory provisions of general applicability or under statuses not protecting against racial discrimination will not suffice. Johnson, 421 U.S. at 219. Under the second prong, defendant's federal rights are left to the state courts except in rare situations where it can be clearly predicted that those rights will inevitably be denied by the very act of bringing the defendant to trial in state court. Peacock, 384 U.S. at 828.

Barrientos claims that the plaintiff has violated her civil rights under 42 U.S.C. sections 1981, 1982, 1983 and 1988. (See Notice of Removal, 17:4-18:20, Docket No. 1.) Sections 1983 and 1988 are "statutory provisions of general applicability" and do not protect against racial discrimination; thus, these claims fail on the first prong. See 42

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 12-1139 JVS (MLGx)                               Date   July 17, 2012

Title      Federal Home Loan Mortgage Corporation v. Mirna Barrientos

U.S.C. §§ 1983, 1988; Johnson, 421 U.S. at 219.  While a violation of 42 U.S.C. sections 1981 and 1982 satisfies the first prong of the test, Barrientos cannot satisfy the second. See 42 U.S.C. §§ 1981, 1982; Johnson, 421 U.S. at 219.  Barrientos cannot demonstrate or clearly predict that her rights will be denied in state court.  Peacock, 384 U.S. at 828.

II.    Conclusion

     For the foregoing reasons, this Court does not have subject matter jurisdiction over the case and remands it to Superior Court of the State of California for the County of Orange.

     IT IS SO ORDERED.

Initials of Preparer        kjt